THE PEOPLE ex rel. EDWARD J. WOOLSEY, Appellant, v. THE COMMON COUNCIL OF LONG ISLAND CITY, Respondent.

The power to raise by tax moneys to pay interest on the water bonds of Long Island city, conferred upon the mayor and common council of said city by the act of 1871 (§ 6, chap. 460, Laws of 1871), and by the charter of said city of the same year (§ 1, title 6, chap. 461, Laws of 1871), was not abrogated by the provision of said charter (§ 9, title 10), declaring that water-rents shall be so fixed that the aggregate amount collected, over expenses, shall be, at all times, equal to seven per cent on the water debt; while the object of said provision was to require the city to assess for water rents a sum sufficient to cover the interest, it was not intended to limit it to this mode of payment, or to impair its power to resort to taxation for that purpose.

Where a writ of *certiorari* was issued, requiring the common council of said city to return its proceedings relating to levying and assessing a tax for interest of its water bonds, *held*, that no question, as to the validity or regularity of the bonds, could properly arise in the proceedings.

(Argued December 10, 1878; decided January 21, 1879.)

APPEAL from an order of the General Term of the Supreme Court, in the second judicial department, affirming an order of Special Term, denying an application for a writ

of *certiorari* to review the proceedings of the common council of Long Island city, in relation to levying a tax to pay the annual interest accruing in 1875, upon certain water-bonds of said city.

*John E. Ward*, for appellant. The power to tax, being a highly governmental power, could only be exercised in strict conformity with the terms of the grant. (Hilliard's Law of Tax'n, 357, chap. 11, § 2; 8 Bush., 206.) The delegation by the State to tax must be clear and unequivocal. (1 Laws 1871, 932–908.) The interest on the water bonds was not the interest intended to be paid by the levy of a general tax. (1 Laws 1871, 932, 971, 975.) Taxes are impositions for purposes of general revenue. (Hilliard's Law of Tax'n, 26, § 49; *State* v. *Warren*, 17 Ohio, 558; 2 Dillon on Munc. Corp., 719, § 617.) A public use or purpose is the essence of a tax. (2 Dillon on Munc. Corp., 684, chap. 19, § 587.)

*J. Ralph Burnett*, for respondent. As the tax levy assailed affects a considerable number of persons a writ of *certiorari* was not allowable. (*In re Mt. Morris Square*, 2 Hill, 14; *In re Fifty-first street*, 3 Abb., 332; *People* v. *Stillwell*, 19 N. Y., 531; *People ex rel. Church* v. *Suprs., etc.*, 15 Wend., 198; *People ex rel. Moore* v. *Mayor, etc.*, 5 Barb., 43.) The allowance or refusal of the writ rested in the discretion of the court. (*In re Eighteenth street*, 2 Hill, 28; 17 Abb. Pr., 324; 15 Wend., 206; 19 N. Y., 531.)

RAPALLO, J. The power to raise annually, by general tax, an amount sufficient to pay the interest on the water bonds of Long Island city, was clearly conferred by section 6 of chapter 460 of the Laws of 1871 and also by section 1 of title 6 of the charter. (Laws of 1871, chap. 461, p. 932.) It is contended by the appellant that this power is abrogated by the provision in the 9th section of title 10 of the charter, in which the power to issue the bonds is repeated, and by the

provision in the fourth subdivision of said ninth section, to the effect that the water rents shall be so kept and fixed that the aggregate amount collected over and above expenses shall be at all times equal to at least seven per cent on the then existing water debt of the city.    We think it impossible to construe this provision so as to impair the power of the city to resort to taxation for the payment of this interest.    Its object clearly was to require the city, through the water commissioners, to assess for water rents an amount sufficient to cover this interest, and if the city should be successful in collecting from these rents a sum equal to the amount paid for interest, or any part of it, the general taxes would be correspondingly reduced ; but there is nothing to indicate that the city was to be confined to that mode of raising the funds to pay the interest, or that the express provisions contained in the same act, and in the one immediately preceding, authorizing this interest to be raised by general tax, were intended to be in any way affected.    The city was authorized by both acts to pledge its own credit for the money borrowed, and not simply the anticipated revenues of the water works.    These revenues were doubtless intended to be so regulated as to make good to the city what it might have to pay for interest, and this system if successful would have resulted in the interest being paid by the water rents, but no provision was made for the specific appropriation of the sums collected for water rents to the payment of the interest, nor for restricting the liability of the city for such interest to the sum collected for water rents. Whatever may be received by the city from water rents diminishes to that extent the sum necessary to be raised by general taxation, and relieves the taxpayers to the same extent as if specifically applied to the interest, but if it had been intended that the bondholders should look to the water rents alone, very careful provisions would have been necessary to secure their application to the payment of the interest, and further provisions would have been proper to meet the contingency of the current receipts from water rents being insufficient to pay the interest as it should accrue.

We do not see how the questions discussed in the points with reference to the validity or regularity of the issue of the bonds can properly arise in this proceeding. The *certiorari* requires the common council to return only their proceedings relating to levying and assessing the tax for the interest of 1875. It calls for no return of their proceedings for the issuing of the bonds.

We have considered the case on its merits because the appellant claims that the order of the General Term is in substance an affirmance of the proceedings. Thus construing the order it should be affirmed.

All concur.

Order affirmed.